**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brooke Ashleigh Grooms and Eric Wayne Grooms, Respondents,

v.

Cheryl Turner Hopkins and Fred Hopkins, Defendants,

Of whom Fred Hopkins is the Appellant.

Appellate Case No. 2020-001590

---

Appeal From Florence County
Huntley S. Crouch, Family Court Judge

---

Unpublished Opinion No. 2022-UP-371
Submitted September 21, 2022 – Filed October 3, 2022

---

**AFFIRMED**

---

Kimberly Yancey Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, for Appellant.

Brooke Chapman Evans, of Evans & Turnblad, LLC, of Florence, for Respondents.

Kathryn F. Free, of Kathryn F. Free, Attorney at Law, of Elgin, as Guardian ad Litem.

**PER CURIAM:** Fred Hopkins appeals the family court's final order finding Brook and Eric Grooms the de facto custodians and psychological parents of Child, granting them sole custody of Child, ordering Hopkins to have no contact with Child, and changing Child's last name. *See* S.C. Code Ann. § 63-15-60(C) (Supp. 2021) ("The family court may grant . . . custody of a child to the de facto custodian if it finds by clear and convincing evidence that the child's natural parents are unfit or that other compelling circumstances exist."); S.C. Code Ann. § 15-49-10(B) (Supp. 2021) ("A parent who desires to change the name of his minor child may petition, in writing, a family court judge in the appropriate circuit . . . ."). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Hopkin's counsel.

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY A.J., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without argument pursuant to Rule 215, SCACR.